*C. H. & R. S. Cohen,* contra.

---

## WEBB *v.* THOMPSON.

The pleadings and the evidence raised issues which should have been submitted to the jury for determination, and the court erred in directing a verdict.

FEBRUARY 15, 1917.

Equitable petition. Before Judge Patterson. Milton superior court. August 7, 1915.

In 1910 Webb borrowed money of Thompson, gave his note therefor, and executed a deed to land to secure its payment, taking a bond for title for reconveyance upon payment of the debt. The debt was due four years after the date of the note. At maturity Webb had paid neither principal nor interest. In the meantime he had been declared a bankrupt, and the trustee in bankruptcy, on August 13, 1913, sold the equity of redemption which Webb had in the land conveyed to secure Thompson. In the suit brought to recover the amount of principal and interest, Thompson charged the insolvency of Webb and waste on his part, and prayed for injunction and a receiver; which extraordinary relief was granted. To the suit the defendant filed a plea and answer, in which he admitted that he had been adjudicated a bankrupt, and that his equity of redemption in the land referred to had been sold as alleged; but he alleged that at the sale of his equity of redemption he purchased it and had paid a part of the purchase-money. The purchase-price was about $1260. He averred, that the plaintiff agreed to furnish him with money with which to make the purchase, but had not done so; that he purchased it upon an agreement with the plaintiff that if he would so purchase and

make certain valuable improvements upon the land, he could continue to occupy it, and the plaintiff would allow him to make two crops upon the land for the years 1914 and 1915, and would allow him those two years to make the improvements, and that if the defendant should make them within the two years the plaintiff would then allow the defendant five years after December 15, 1915, in which to pay off the debt; that he made and completed the valuable improvements, as stipulated in the agreement with the plaintiff, at a cost of $800, and says that now in equity and good conscience the plaintiff should stand to and abide his contract, and not be allowed to take judgment at this time. Upon the trial the court directed a verdict for the plaintiff for principal and interest.

*J. P. Brooke, E. H. Clay,* and *J. Z. Foster,* for plaintiff in error.

*G. F. Gober, G. B. Walker,* and *W. I. Heyward,* contra.

BECK, J. (After stating the foregoing facts.) We are of the opinion that instead of directing a verdict for the plaintiff the court should have submitted the issues made by the pleadings and evidence to the jury for their decision. If the allegations of the defendant's answer as to the contract made between him and the plaintiff on the day upon which the defendant's equity of redemption in the land was sold by the trustee in bankruptcy be true (and there is some evidence to support them), plaintiff should be forced to stand to and abide his part of the contract. Taking the defendant's testimony offered in support of the allegations in his answer to be true, the plaintiff agreed that if the defendant would make and complete certain valuable improvements and would buy the equity of redemption at the sale by the trustee in bankruptcy, he should be allowed to cultivate the land during the years 1914 and 1915, and have five years after December 15, 1915, within which to pay the principal and interest of his debt; and moreover the plaintiff agreed that he would furnish the money with which to pay for the equity of redemption. This in substance amounted to an agreement on the part of the plaintiff to extend, for a valuable consideration, the time of payment of the defendant's debt. If the allegations of the defendant's answer in regard to the contract made between him and the plaintiff on the day of the sale of the equity of redemption be true, then his defense is meritorious. Of the truth of that defense the jury are the sole judges. To hold that the defense is without merit would be holding in effect

that, when a proposal on the part of the plaintiff to the defendant had been accepted in good faith by the latter, had been acted upon by him at a cost of over $800—an expenditure made on the faith of the promise and agreement of the plaintiff,—the plaintiff was not bound by his agreement and promise merely because the new contract was not reduced to writing. We can not take this view of the defense pleaded. The case must be returned for another trial, and the issues made must be submitted to the jury under proper instructions from the court.

<div align="center">

*Judgment reversed. All the Justices concur.*